IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARBARA JENKINS, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | |
| | § | **COMPLAINT** |
| I.Q. DATA INTERNATIONAL, INC., | § | Jury Trial Demanded |
| Defendant. | § | |

## NATURE OF ACTION

1. Plaintiff Barbara Jenkins ("Plaintiff") brings this action against Defendant I.Q Data International, Inc. ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and Texas common law.

## JURISDICTION, VENUE, AND STANDING

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C § 1367 and 28 U.S.C. § 1331.

3. Plaintiff has Article III standing to bring this action, as it seeks to redress conduct by Defendant that caused Plaintiff to suffer intangible harms, which Congress has made legally cognizable in passing the FDCPA. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

1

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff reside in this district, and where Defendant transacts business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

5. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

6. "'[T]he FDCPA is a strict liability statute—collector 'need not be deliberate, reckless, or even negligent to trigger liability . . . .'" *Walker v. Pharia, LLC*, No. 4:09-CV-369-Y, 2010 WL 565654, at *3 (N.D. Tex. Feb. 18, 2010) (quoting *Ross v. RJM Acquisitions Runding LLC*, 480 F.3d 493, 495 (7th Cir. 2007)).

7. "To determine whether a particular collection practice violates the FDPCA, the Court 'must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.'" *Castro v. Collecto, Inc.*, 668 F. Supp. 2d 950, 959 (W.D. Tex. 2009) (citing *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)).

8. "The Fifth Circuit has explained the unsophisticated or least sophisticated consumer standard is meant to protect all consumers from abusive or deceptive collection practices and to protect debt collectors from consumers who misinterpret collection materials." *Id.* at 959-60.

## CONVERSION

9. The elements of a conversion claim are (1) the plaintiff owned or had possession of the property or entitlement to possession; (2) the defendant unlawfully and without

2

authorization assumed and exercised control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property. *Stroud Prod., L.L.C. v. Hosford*, 405 S.W.3d 794, 811 (Tex. App. 2013); *Khorshid, Inc. v. Christian*, 257 S.W.3d 748, 759 (Tex.App.-Dallas 2008, no pet.).

## PARTIES

10.  Plaintiff is a natural person who at all relevant times resided in the State of Texas, County of Dallas, and City of Mesquite.

11.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12.  Plaintiff is a "consumer" as defined by Tex. Fin. Code § 392.001(1).

13.  Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

14.  Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

15.  Plaintiff is a natural person allegedly obligated to pay a debt.

16.  Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a residential apartment lease (the "Debt").

17.  Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

18.  Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

19. In connection with the collection of the Debt, Defendant placed a telephone call to Plaintiff on or around July 2018.

20. During the call, Defendant demanded payment of the Debt in full.

21. Plaintiff advised that she could not make payment in full and requested a payment plan.

22. Defendant told Plaintiff it could only offer a payment plan if Plaintiff applied for a loan and was turned down for the loan.

23. Upon information and belief, Defendant is not only permitted to offer a payment plan if a consumer is first turned down for a loan.

24. Plaintiff advised that she would seek a loan and made a good faith payment of $100 via her debit card.

25. After the call, Plaintiff applied for a loan.

26. Subsequently, Defendant placed another call to Plaintiff to inquire as to the status of Plaintiff obtaining a loan.

27. Plaintiff told Defendant the loan company said it would be 24 to 48 hours before she receives an answer.

28. Defendant stated that if the loan company told her that, then she would be approved and Defendant would move forward with taking the balance of the Debt from Plaintiff.

29. Plaintiff told Defendant that it would need to wait to see if she was approved for the loan first and she would let Defendant know.

30. Two days later, Plaintiff contacted her bank to determine her account balance and discovered Defendant had taken the balance of the Debt from her account.

31. Defendant did not have permission to take the balance of the Debt from Plaintiff's bank account.

32. Defendant's unlawful withdrawal from Plaintiff's account caused her account balance to go negative.

33. Defendant's unlawful withdrawal from Plaintiff's account caused her additional bank fees.

34. Thereafter, Plaintiff contacted Defendant and demanded the return of her funds, and Defendant refused to do so.

35. In order to continue to pay her bills, Plaintiff pawned jewelry.

36. The balance to reclaim her jewelry accrues interest at over $100 per month.

37. As a result of Defendant's conduct, Plaintiff has felt sick, suffered headaches, and been unable to sleep.

38. Plaintiff subsequently received a letter from Defendant dated July 27, 2018.

39. A true and correct copy of the July 27, 2018 letter is attached as Exhibit A.

40. The letter states, in relevant part: "We have received a post-dated payment for your account. As per our conversation we will be depositing your payment in the amount of $720.62 on 07/30/18 into our trust account." Exhibit A.

41. Plaintiff did not provide Defendant with a $720.62 post-dated payment.

42. Plaintiff never had a conversation with Defendant where she agreed to "payment in the amount of $720.62 on 07/30/18."

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e

43. Plaintiff repeats and re-alleges each factual allegation above.

44. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

45. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

46. Plaintiff repeats and re-alleges each factual allegation above.

47. Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

48. Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a

violation of the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

49. "[W]e hold that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees. We think that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as plaintiffs who may hold the reasonable but mistaken belief that timely payment will satisfy their debts." *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

50. "If the debt collector is trying to collect only the amount due on the date the letter is sent, then he complies with the [FDCPA] by stating the 'balance' due." *Brill v. Fin. Recovery Servs., Inc.*, No. 4:10-CV-3121, 2010 WL 5825480, at *5 (D. Neb. Nov. 10, 2010) (quoting *Chuway*, 362 F.3d at 949).

51. However, if "the debt collector is trying to collect the listed balance plus the interest running on it or other charges, he should use" language which explains "that the amount owed may vary if not paid immediately because of interest, late charges, or other charges that may apply as time passes . . . ." *Id.* at *5-6 (quoting *Chuway*, 362 F.3d at 949).

52. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692f

53. Plaintiff repeats and re-alleges each factual allegation above.

54. The FDCPA also prohibits the use of unfair or unconscionable means to collect debts. *See* 15 U.S.C. § 1692f.

55. In addition to the non-exhaustive list of conduct that violates the FDCPA, § 1692f "allows a court to sanction improper conduct the FDCPA fails to address specifically." *Turner v. Professional Recovery Services, Inc.*, 956 F. Supp. 2d 573, 580 (D.N.J. 2013) (quoting *Adams v. Law Offices of Stuckert & Yates*, 926 F. Supp. 521, 528 (E.D. Pa. 1996)).

56. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect an alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem proper.

## COUNT IV
## CONVERSION

57. Plaintiff repeats and re-allege each factual allegation contained above.

58. Plaintiff had immediate right to possession of her funds at the time Defendant took possession of them.

59. Defendant had no legal authority to take possession of Plaintiff's funds, but nonetheless used information from her debit card to withdraw funds from her account.

60. Withdrawing Plaintiff's funds from her account excluded Plaintiff from using said funds, and was inconsistent with Plaintiff's rights as owner of her funds.

61. Plaintiff demanded return of her funds.

62. Defendant refused to return Plaintiff's funds after her demand.

63. Defendant's actions constitute conversion under Texas Law.

64. As a result of Defendant's conversion of Plaintiffs' funds, Plaintiff suffered fear, anxiety and stress, as well pecuniary loss.

65. Defendant's action in taking Plaintiff's funds without authority, and refusing to return them upon Plaintiff's demand, evidence that Defendant's conduct was wantonly and maliciously undertaken.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant converted Plaintiff's funds;

b) Awarding Plaintiff her actual damages in an amount to be proved at trial;

c) Awarding Plaintiff exemplary damages in an amount to be proved at trial

d) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

e) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

66. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: January 23, 2019

Respectfully submitted,

*/s/ R.S. Thompson*

Russell S. Thompson IV
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone:   602-388-8898
Facsimile:   866-317-2674
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff